### No. 11,181.

THE STATE EX REL. JAMES SCALLEN vs. T. C. W. ELLIS, JUDGE CIVIL DISTRICT COURT.

The proceedings in the lower court being regular, legal and within the jurisdiction of the judge thereof, the writs applied for are refused.

APPLICATION for Certiorari and Prohibition.

_August Bernau_ for the Relator.

State ex rel. Scallen vs. Judge.

Respondent *in propria persona.*

The opinion of the court was delivered by

NICHOLLS, C. J.   Relator having failed to file an account and pro-
duce his bank book as syndic of the creditors of Henry E. Gautreaux,
in the Civil District Court for the parish of Orleans, though legally
cited and ordered so to do by the judge of Division "A" of that court
—a rule was regularly served upon him to show cause why he should
not be punished for contempt of court for refusing to do so.

He has filed an application in this court for writs of certiorari and
prohibition, commanding the judge of Division "A" to abstain from
executing an order by him rendered directing relator's imprisonment
for contempt of court.

We do not find the order referred to in the record, and we have
reason to believe that though threatened, it has not as yet been made.

We have, however, examined the proceedings as far as they do
appear of record, and find that on the day fixed for the trial of the
rule, relator and his counsel appeared, and on their promise to com-
ply the next day with the court's orders, the proceeding was carried
over to that time to enable him to do so, but that when the present
proceeding was instituted, and even up to the time respondent filed
his answer herein, nothing had been done by relator.

We find the proceedings regular, legal and within the jurisdiction
of the judge who gave the order.

The reasons assigned to us as those which warranted non-compli-
ance, should have been addressed to the judge of the lower and not
to this court.

Relator was afforded an opportunity to show cause if any he had
why he should not file his account, but instead of presenting himself
and urging his grounds, he completely ignored the order.   There was
no necessity, for the purpose of explaining his situation, of any
thorough knowledge of the affairs of the insolvency, if his reasons at
that time were those which he has brought to our notice.

Any attorney at the bar could have easily represented him had he
been unwilling, or felt himself unable, to appear personally.

The fact that he considered himself as having high privileged
claims to the amount he mentions did not justify him in seeking to

avoid all accountability for his actions, or for the funds in his hands.

He could and should have made a statement, and a simple one would have sufficed, as to what his pretensions were, and given the other creditors an opportunity of knowing what they were, and of testing them if they thought proper to do so.

If his course was in good faith, under advice of counsel in whose legal judgment he relied, he should have stated that fact to the district judge, who would unquestionably have given it the weight it was entitled to, and (unless we are mistaken as to the conclusion we have drawn, that no order of imprisonment for contempt has as yet been issued) it is doubtless not yet too late for him to do so. He will have to look for relief to the District Court and not to us.

For the reasons herein assigned the provisional orders heretofore granted in this case are rescinded, and the writs asked for are refused.